# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| UNITED STATES OF AMERICA, | ) |
| --- | --- |
| Plaintiff, | ) |
| v. | ) Case No. 12-40099-01-JAR |
| MANUEL GUTIERREZ-VARGAS, | ) |
| Defendant. | ) |

## ORDER

On January 2, 2013, the Court sentenced Defendant Manuel Guitierrez-Vargas to 24 months' imprisonment (Doc. 19). Before the Court is Defendant's Motion to Adjust Jail Time Credit for time served (Doc. 22). Defendant states that he "doubt[s] that my jail time credit is not being counted from the very same date that I was arrested and put under custody by the Topeka, Kansas Sheriff officials," and that he is entitled credit from the time of his arrest on August 29, 2012.

Judicial review of the calculation of Defendant's sentence is not appropriate at this time. The Attorney General, through the Bureau of Prisons, is responsible for imprisoning federal offenders.[1] Calculation of a federal prisoner's sentence may be reviewed by a *habeas corpus* action under 28 U.S.C. § 2241.[2] However, judicial review is only appropriate after the prisoner has exhausted all of his or her administrative remedies with the Bureau of Prisons.[3] Here, there is no indication that Defendant has sought administrative relief by presenting to the Attorney

---

[1] *See United States v. Wilson*, 503 U.S. 329, 336-38 (1992).

[2] *Romandine v. United States*, 206 F.3d 731, 736 (7th Cir. 2000).

[3] *Id.*; *Thomason v. Guzik*, 226 F.3d 642 (5th Cir. 2000).

General his request for recalculation of his sentence, nor has he brought a *habeas* action under § 2241. Therefore, Defendant's motion is denied.

Defendant also requests that the Court grant him a three-point reduction for acceptance of responsibility. Defendant states that he anticipated receiving a fifteen to eighteen month sentence under his Plea Agreement with the Government, and that he should receive further reduction from the twenty-four month sentence imposed by the Court. Defendant's Total Offense Level was 21, and his Criminal History category was II, which resulted in a Guidelines range of 41-51 months in custody.[4] This calculation accounted for the three-point reduction for acceptance of responsibility.[5] Although the Government recommended a lower sentence in the Plea Agreement,[6] the Court was not bound by the parties' agreement, and sentenced Defendant to twenty-four months' imprisonment, well below the advisory Guidelines range. Accordingly, Defendant's three-point adjustment for acceptance of responsibility has previously been granted, and his request is denied as moot.

Moreover, to the extent Defendant is seeking modification of his sentence, the Court concludes that it lacks jurisdiction to provide the relief he seeks under 18 U.S.C. § 3582. "A district court does not have inherent authority to modify a previously imposed sentence; it may do so only pursuant to statutory authorization."[7] As the Tenth Circuit explained:

> A district court is authorized to modify a Defendant's sentence only in specified instances where Congress has expressly granted

---

[4] Presentence Investigative Report, Doc. 15 at 5; Doc. 20.

[5] *Id*. Defendant's adjusted offense level was 24, after a 16-point increase for his previous deportation for a felony drug trafficking offense. U.S.S.G. § 2L1.2(b)(1)(A).

[6] Doc. 14 at 9-10.

[7] *United States v. Mendoza*, 118 F.3d 707, 709 (10th Cir. 1997).

the court jurisdiction to do so. Section 3582(c) of Title 18 of the United States Code provides three avenues through which the court may "modify a term of imprisonment once it has been imposed." A court may modify a sentence: (1) in certain circumstances "upon motion of the Director of the Bureau of Prisons"; (2) "to the extent otherwise expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure"; or (3) "upon motion of the defendant or the Director of the Bureau of Prisons," or on the court's own motion in cases where the applicable sentencing range "has subsequently been lowered by the Sentencing Commission."[8]

As Defendant's argued basis does not fall within any of these three limited avenues under § 3582(c), relief may be obtained only by appealing from the sentence[9] or filing a petition under 28 U.S.C. § 2255.[10] Defendant is simply not entitled to the relief he seeks.

**IT IS THEREFORE ORDERED BY THE COURT** that Defendant's Motion to Adjust Jail Time Credit (Doc. 22), including his request for an adjustment for acceptance of responsibility, is DENIED.

**IT IS SO ORDERED.**

Dated: <u>November 25, 2013</u>

                                  S/ Julie A. Robinson

                                  JULIE A. ROBINSON

                                  UNITED STATES DISTRICT JUDGE

---

[8]*United States v. Blackwell*, 81 F.3d 945, 947-48 (10th Cir. 1996) (citations and footnote omitted). Congress twice amended 18 U.S.C. § 3582, in 1996 and 2004; neither of these amendments substantively affects the Tenth Circuit's analysis.

[9]Mr. Guitierrez-Vargas did not appeal his sentence.

[10]*United States v. Smartt*, 129 F.3d 539, 540 (10th Cir. 1997) (citing *United States v. Trujeque*, 100 F.3d 869, 870 (10th Cir. 1996)).