# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| UNITED STATES OF AMERICA, | ) |
| --- | --- |
| Plaintiff, | ) |
| v. | ) Case No. 12-40099-01-JAR |
| MANUEL GUTIERREZ-VARGAS, | ) |
| Defendant. | ) |

## ORDER

On November 25, 2013, the Court denied Defendant Manuel Gutierrez-Vargas's Motion to Adjust Jail Time Credit for time served (Doc. 23). Before the Court is Defendant's second Motion to Adjust Jail Time Credit for time served (Doc. 24), alleging that the Bureau of Prisons ("BOP") failed to give him credit for 29 days of prior custody of the United States Immigration and Customs Enforcement ("ICE"). Defendant's attachments to his motion indicate that he has completed Steps 1 and 2 of the grievance procedure at Dalby Correctional Facility,[1] in Post, Texas.

As explained in the Court's previous order, the appropriate vehicle for challenging the BOP's determination of sentence credit is not a post-conviction motion, but rather a petition challenging the execution of a sentence pursuant to 28 U.S.C. § 2241.[2] A § 2241 petition for this purpose must be brought in the district where the petitioner is in custody, and petitioner must

---

[1]Defendant's grievance was denied on the grounds that while the Court informed Defendant at sentencing that he would receive credit for time served before he was sentenced, official detention does not include time spent in the custody of the United States Immigration and Customs Enforcement ("ICE") under 18 U.S.C. § 1252 pending final determination of deportability. Doc. 24 at 5.

[2]*Romandine v. United States*, 206 F.3d 731, 736 (7th Cir. 2000).

have exhausted the available remedies within the BOP.[3]

Due to Defendant's *pro se* status, the court may construe his submission liberally as a writ of habeas corpus pursuant to § 2241.[4] However, due to potential restrictions on bringing a second or successive § 2241 motion, courts are required to provide the petitioner with notice and an opportunity to decline the conversion or withdraw the motion prior to converting post-conviction motions into § 2241 petitions for habeas relief.[5]

Consequently, Defendant is hereby notified that the Court finds the instant motion, notwithstanding its designation, should be construed as a petition brought pursuant to 28 U.S.C. § 2241. Defendant may withdraw the motion if he does not wish to pursue relief under § 2241. Should Defendant choose to withdraw his motion, he must notify the Court within thirty (30) days of the date of this Order. If Defendant fails to notify the Court within the time allowed that he wishes to withdraw the instant motion, the motion shall be designated as a petition for writ of habeas corpus under § 2241 and transferred to the United States District Court for the Northern District of Texas, the district in which Defendant is in custody. Any determination regarding the exhaustion of available remedies shall be left to the transferee court.

**IT IS THEREFORE ORDERED BY THE COURT** that Defendant is granted until **March 3, 2014**, to file a supplemental pleading stating whether he wishes the Court to treat his Motion to Adjust Jail Time as a writ for habeas corpus under 28 U.S.C. § 2241, or instead

---

[3]*See Williams v. O'Brien*, 792 F.2d 986, 987 (10th Cir. 1986); *Werber v. United States*, 51 F.3d 342, 349 n.17 (2d Cir. 1995).

[4]*See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972).

[5]*See United States v. Torres*, 282 F.3d 1241, 1245-46 (10th Cir. 2002) (permitting prisoner the option of withdrawing his motion allows a prisoner the option of forgoing his motion until later, so that it does not "prevent [him] from raising a legitimate claim in a subsequent § 2255 petition.").

withdraws his motion.  If Defendant elects to have his motion considered under § 2241, it shall be transferred to the United States District Court for the Northern District of Texas.

**IT IS SO ORDERED.**

Dated: January 29, 2014

 S/ Julie A. Robinson

JULIE A. ROBINSON

UNITED STATES DISTRICT JUDGE